IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FIKRI APTILIASIMOV,** | : | CIVIL ACTION NO. 1:21-CV-765 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN SCI-COAL TOWNSHIP,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Fikri Aptiliasimov filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks to overturn his 2016 state-court conviction and sentence. Because Aptiliasimov filed his Section 2254 petition beyond the applicable one-year statute of limitations and has not established a basis to excuse his untimeliness, we must dismiss his petition.

**I.    Factual Background**

In 2014, Aptiliasimov was charged with one count of manufacturing, delivery, or possession with intent to manufacture or deliver heroin, 35 PA. STAT. AND CONS. STAT. ANN. § 780-113(a)(30), a felony offense. See Commonwealth v. Aptiliasimov, No. CP-40-CR-0002876-2014 (Pa. Ct. Com. Pl. Luzerne Cnty. Apr. 23, 2014); 35 PA. STAT. AND CONS. STAT. ANN. § 780-113(f)(1). In January 2016, he entered a guilty plea pursuant to a plea agreement with the Commonwealth and, on March 21, 2016, was sentenced to 27 to 72 months' imprisonment. (See Doc. 1 at 1; Doc. 7-1 at 3); Aptiliasimov, No. CP-40-CR-0002876-2014 (Pa. Ct. Com. Pl. Luzerne Cnty.).

Case 1:21-cv-00765-CCC-MP   Document 12   Filed 04/29/22   Page 2 of 13

During sentencing, Aptiliasimov attempted to withdraw his guilty plea. (See Doc. 7-1 at 3-7, 3/21/16 Sentencing Hr'g Tr. 2:20-4:2, 7:11-12). He expressed concern that he was facing a felony charge of possession with intent to deliver and argued that he was "hoping" his attorney could get the charge reduced to "simple possession." (Id. at 3:22-25, 4:9-15). The court rejected Aptiliasimov's request to withdraw his guilty plea, finding that his alleged confusion was not credible and that he fully understood that he was pleading guilty to possession with intent to deliver. (Id. at 4:3-8, 5:21-6:9, 7:13-25).

Aptiliasimov timely appealed, (Doc. 7-1 at 8), claiming that the trial court abused its discretion in sentencing him to 27 to 72 months' incarceration, "the high-end of the standard range of the Sentencing Guidelines," (Doc. 7-1 at 32-34). The Superior Court of Pennsylvania affirmed the judgment of sentence on February 6, 2017. Commonwealth v. Aptiliasimo[v], No. 557 MDA 2016, 2017 WL 478194, at *1, 2 (Pa. Super. Ct. Feb. 6, 2017) (nonprecedential). It does not appear that Aptiliasimov filed a petition for allowance of appeal with the Supreme Court of Pennsylvania.

The Court of Common Pleas of Luzerne County's docket sheet indicates that, on November 7, 2017, Aptiliasimov filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. § 9541 *et seq*. See Aptiliasimov, No. CP-40-CR-0002876-2014 (Pa. Ct. Com. Pl. Luzerne Cnty.); (Doc. 7-1 at 166). Respondent did not provide a copy of this first *pro se* PCRA petition when answering the instant Section 2254 petition. (See generally Doc. 7-1). Respondent concedes, however, that the PCRA petition was filed but not addressed by the Court of Common Pleas of Luzerne County. (See Doc. 7 at 1-2).

2

Aptiliasimov filed a second *pro se* PCRA petition on March 12, 2018. (See Doc. 7-1 at 48-59). The PCRA court appointed counsel, who subsequently filed a no-merit letter and moved to withdraw from the case. (Doc. 7 at 2); Aptiliasimov, No. CP-40-CR-0002876-2014 (Pa. Ct. Com. Pl. Luzerne Cnty.). On October 4, 2018, the PCRA court denied his petition, then issued its Rule 1925(a) opinion[1]—in response to the errors alleged by Aptiliasimov—on March 1, 2019. (See Doc. 7-1 at 65-78).

Aptiliasimov appealed the denial of his PCRA petition to the Superior Court. See generally Commonwealth v. Aptiliasimo[v], No 1886 MD 2018, 2019 WL 7168670 (Pa. Super. Ct. Dec. 24, 2019) (nonprecedential). On December 24, 2019, the Superior Court affirmed the PCRA court's denial and granted appointed counsel's petition to withdraw. See id. at *1, 3. Aptiliasimov's late request for reargument was dismissed by the Superior Court as untimely on February 4, 2020. See Commonwealth v. Aptiliasimov, 1886 MDA 2018 (Pa. Super. Ct.). On March 8, 2020, well beyond the 30-day deadline for seeking review in the Supreme Court of Pennsylvania, Aptiliasimov filed a motion for leave to file a petition for allowance of appeal *nunc pro tunc*, but that request was denied on May 22, 2020. (See Doc. 7-1 at 107-11, 121); Pa. R. App. P. 1113(a) (requiring petition for allowance of appeal to be filed within 30 days after entry of Superior Court order sought to be reviewed). He then filed a petition for a writ of *certiorari* with the Supreme Court of the United States, which was likewise denied on October 5, 2020. Aptiliasimov v. Pennsylvania, No. 19-8861, 141 S. Ct. 343 (2020) (mem.).

---

[1] Pa. R. App. P. 1925(a).

On April 2, 2021, Aptiliasimov filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] (Doc. 1). The Court[3] reviewed his petition and promptly issued an order to show cause as to why the petition was not barred by the statute of limitations. (See Doc. 5 (citing United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*))). The issue of timeliness has been fully briefed. Because it is clear from record that Aptiliasimov's federal habeas claims are barred by the one-year limitations period, the Court will dismiss his petition.

## II.   Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state prisoners seeking habeas corpus relief in federal court. See 28 U.S.C. § 2244(d)(1). In most cases, and as relevant for Aptiliasimov's petition, that one-year clock begins to run when the state conviction becomes "final," as indicated by "the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). The AEDPA expressly provides for tolling of this limitations period when "a *properly* filed application for State post-conviction or other collateral relief" for the at-issue judgment is "pending." Id. § 2244(d)(2) (emphasis added).

---

[2] The petition was not received by the Clerk of Court until April 27, 2021. (See Doc. 1 at 1). However, Aptiliasimov certified that he placed the petition in the prison mail system on April 2, so we apply the prison-mailbox rule to establish April 2, 2021, as the filing date. See Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011).

[3] This case was previously assigned to the Honorable John E. Jones III, and was reassigned to the undersigned shortly after Judge Jones' retirement in August 2021.

As noted above, Aptiliasimov's state-court judgment of sentence was imposed on March 21, 2016. He appealed to the Superior Court, which denied his appeal and affirmed the judgment of sentence on February 6, 2017. Aptiliasimov had 30 days to file a petition for allowance of appeal with the Supreme Court of Pennsylvania, see PA. R. APP. P. 1113(a), but no petition was filed. Consequently, Aptiliasimov's conviction became "final" for AEDPA purposes on March 8, 2017. See 28 U.S.C. § 2244(d)(1)(A); Gonzalez v. Thaler, 565 U.S. 134, 150 (2012).

## A.   Statutory Tolling

Aptiliasimov filed a timely *pro se* PCRA petition on November 7, 2017, 244 days after his AEDPA statute of limitations began to accrue. This petition paused the clock on his Section 2254 limitations period, see 28 U.S.C. § 2244(d)(2), leaving 121 days in which to seek federal habeas relief after exhaustion of state-court remedies. On December 24, 2019, the Superior Court denied Aptiliasimov's PCRA appeal and, as explained above, he had 30 days in which to seek review from the state supreme court. He did not timely seek review, so his AEDPA limitations period began to run again on January 23, 2020. Thus, Aptiliasimov had 121 days from January 23, 2020, or until May 25, 2020,[4] to file a timely petition under 28 U.S.C. § 2254. Yet he did not file his petition until April 2, 2021, almost a year out of

---

[4] The final day of Aptiliasimov's remaining 121 days fell on Saturday, May 23, 2020. The Federal Rules of Civil Procedure, however, provide that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." FED. R. CIV. P. 6(a)(1)(C). Therefore, the AEDPA limitations period did not expire until Monday, May 25, 2020.

time. Statutory tolling under Section 2244(d)(2), therefore, does not render Aptiliasimov's Section 2254 petition timely.

We note that, even though Aptiliasimov sought review from the Pennsylvania Supreme Court *nunc pro tunc*, that process did not toll his Section 2254 statute of limitations because his request was denied. Cf. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (holding that, because state court rejected PCRA petition as untimely, petitioner was "not entitled to statutory tolling under § 2244(d)(2)"). We further observe that time seeking *certiorari* in the Supreme Court of the United States for denial of state post-conviction relief does not continue to toll the AEDPA's statute of limitations. Lawrence v. Florida, 549 U.S. 327, 331-32 (2007); LaCava v. Kyler, 398 F.3d 271, 274 (3d Cir. 2005).

### B. Equitable Tolling

It is possible that equitable tolling could save Aptiliasimov's untimely petition from dismissal, but he fails to make the requisite showing to permit this rare form of relief. The AEDPA's statute of limitations is subject to equitable tolling. Martin v. Adm'r N.J. State Prison, 23 F.4th 261, 272 (3d Cir. 2022) (citing Holland v. Florida, 560 U.S. 631, 645-49 (2010)). Application of this doctrine, however, occurs "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice," and must be determined on a case-by-case basis. Id. (alteration in original) (quoting LaCava, 398 F.3d at 275) (citing Munchinski v. Wilson, 694 F.3d 308, 329 (3d Cir. 2012)). To establish entitlement to equitable tolling, the petitioner must show that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance" prevented him from timely filing his Section 2254

6

petition. Holland, 560 U.S. at 649 (citation omitted). The diligence required is "reasonable diligence," not "maximum feasible diligence." Id. at 653 (citations omitted); Ross v. Varano, 712 F.3d 784, 799 (3d Cir. 2013). Finally, the equitable tolling standard is conjunctive, requiring the petitioner to establish both elements before tolling is permitted. Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012).

Aptiliasimov has not made this difficult showing. His only argument for equitable tolling is that his appointed attorneys did not timely seek discretionary review with the Supreme Court of Pennsylvania on either direct appeal or during PCRA proceedings. (See Doc. 10 at 6, 9-11). According to Aptiliasimov, if the Court factors in the time periods for seeking state supreme court review on direct appeal, petitioning for *certiorari* from his judgment of conviction, and seeking review of the Superior Court's PCRA denial, his Section 2254 petition would be timely. This argument, even if mathematically plausible, does not establish either due diligence or extraordinary circumstances.

First, Aptiliasimov has not shown that he diligently pursued his rights. For example, although he sought *certiorari* from the Supreme Court of the United States following denial of his PCRA petition, *certiorari* was denied on October 5, 2020. Aptiliasimov does not provide any explanation for why he waited approximately six months after that denial to file his Section 2254 petition, even though a large portion of his AEDPA limitations period had already run. See Pace, 544 U.S. at 419 (finding petitioner did not act diligently when he waited five months after PCRA proceedings became final before seeking relief in federal court); see also

Martin, 23 F. 4th at 274 (finding that waiting four months to file motion for leave to appeal "as within time" fails to exhibit "reasonable diligence").

Aptiliasimov also does not explain why, upon learning that his untimely petition for allowance of appeal would not be accepted by the Pennsylvania Supreme Court, he did not file a protective habeas corpus petition in this Court. See Wallace v. Mahanoy, 2 F.4th 133, 149-50 (3d Cir. 2021) (citing Pace, 544 U.S. at 416-17).  This is especially relevant because, as noted above, it is firmly established that the AEDPA's statute of limitations is not tolled while seeking *certiorari* for denial of a state PCRA petition.  Lawrence, 549 U.S. at 331-32.

Second, Aptiliasimov has not established an extraordinary circumstance that prevented him from filing his Section 2254 petition in a timely manner.  The mere failure of an attorney to file a discretionary appeal—absent some misrepresentation that such an appeal was actually filed—does not amount to extraordinary circumstances for equitable tolling.  See LaCava, 398 F.3d at 276 (explaining that "affirmative misrepresentation" by attorney of timely filing of complaint could implicate an extraordinary circumstance); Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir. 2004).  "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."  LaCava, 398 F.3d at 276 (alteration omitted) (quoting Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003)).  Aptiliasimov has certainly not shown the type of "egregious attorney neglect" or misconduct that has been found to establish extraordinary circumstances for equitable tolling.  See Ross, 712 F.3d at 800; Holland, 560 U.S. at 652.  And even though he contends that

8

he was hampered in pursuing federal habeas relief because he was acting *pro se*, it is well settled that "lack of legal knowledge or legal training does not alone justify equitable tolling." Martin, 23 F.4th at 273 (quoting Ross, 712 F.3d at 799-800, 802).

Aptiliasimov has failed to establish reasonable diligence or extraordinary circumstances. Consequently, equitable tolling does not save his untimely Section 2254 petition.

### C. Actual Innocence Claim

Aptiliasimov's final attempt to overcome his expired AEDPA statute of limitations is an assertion of actual innocence. He avers that his son, Adam Aptiliasimov, was responsible for the heroin found in his house and that Adam swore out an affidavit to this effect. Aptiliasimov included a copy of the affidavit with his briefing on the timeliness of his Section 2254 petition. (See Doc. 10-4 at 2). In the affidavit, which is notarized and dated July 17, 2014, Adam takes "full responsibility for the heroin," explaining that he is an addict and that he stashed the drugs in his father's house on April 23, 2014, to hide them from his girlfriend. (Id.) Aptiliasimov appears to maintain that he presented this affidavit to his trial counsel, but that his attorney still encouraged him to plead guilty. (Doc. 10 at 6, 11, 13). Respondent has not offered any response to this actual innocence claim.

The Supreme Court of the United States has recognized that a credible showing of actual innocence may provide a gateway for a petitioner to pursue the merits of a Section 2254 petition despite expiration of the AEDPA's statute of limitations. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). Such claims, however, are "rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995). Circumvention of

9

the limitations period is only possible when a petitioner can show "new reliable evidence" of actual innocence and that, in light of this new evidence, "no juror, acting reasonably, would have voted to find [the petitioner] guilty beyond a reasonable doubt." Howell v. Superintendent Albion SCI, 978 F.3d 54, 59 (3d Cir. 2020) (quoting Satterfield v. Dist. Attorney of Phila., 872 F.3d 152, 163 (3d Cir. 2017) (quoting McQuiggin, 569 U.S. at 386)).

Notably, Aptiliasimov was not convicted after a jury trial; he pled guilty to the crime of conviction. Numerous federal district courts—including some in this district—have held that a petitioner cannot claim "actual innocence" under McQuiggin in federal habeas proceedings after admitting guilt under oath in a state-court guilty plea. See, e.g., Fake v. Pitkins, 3:14-CV-700, 2017 WL 4413190, at *5 (M.D. Pa. Sept. 29, 2017) (citing Williams v. Holland, No. 13-CV-239-GFVT, 2014 WL 1385192, at *4 (E.D. Ky. Apr. 9, 2014)); Ross v. PA Dep't of Corr., No. 3:15-CV-84, 2016 WL 5539595, at *4 (M.D. Pa. Sept. 28, 2016); Madison v. McGinley, No. 18-CV-3539, 2019 WL 2591296, at *4 (E.D. Pa. May 3, 2019) (collecting cases), report & recommendation adopted, 2019 WL 2577626 (E.D. Pa. June 21, 2019); see also Ring v. Luther, No. 3:15-CV-458, 2016 WL 7231706, at *10-11 (M.D. Pa. Dec. 14, 2016) (collecting cases but not deciding that such claims are unequivocally barred).

We are not convinced that the existence of a guilty plea categorically bars a McQuiggin-based actual-innocence claim. First, neither the Supreme Court of the United States nor the United States Court of Appeals for the Third Circuit has said so. In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court explicitly noted that a federal habeas petitioner could assert "actual innocence" on collateral

review to avoid procedural default of a claim even though the petitioner was challenging a conviction resulting from a guilty plea. Bousley, 523 U.S. at 616, 623-24. We discern little difference in asserting actual innocence to excuse procedural default and doing so to excuse expiration of the statute of limitations.

Moreover, in Wallace v. Mahanoy, 2 F.4th 133 (3d Cir. 2021), the Third Circuit performed an extensive McQuiggin actual-innocence analysis for a habeas petitioner who pled guilty in state court but filed an untimely Section 2254 petition. Wallace, 2 F.4th at 140 & n.9, 150-60; see also Horning v. Lavan, 197 F. App'x 90 (3d Cir. 2006) (nonprecedential) (assuming claim of actual innocence could toll AEDPA statute of limitations for challenge to conviction entered by way of guilty plea). We find that Bousley and Wallace cast significant doubt on decisions holding that a guilty plea categorically precludes a habeas petitioner's invocation of actual innocence to avoid the AEDPA's statute of limitations.

Assuming Aptiliasimov can raise a McQuiggin-based actual-innocence argument, we nonetheless find that he cannot meet the stringent requirements of this "rarely successful" claim. In particular, the fact that Aptiliasimov was aware of his son's affidavit (and alleged guilt) since July 2014 yet still (1) entered a guilty plea and then (2) failed to bring the affidavit to any habeas court's attention until 2021 weighs heavily against Aptiliasimov's attempt to show actual innocence.[5]

---

[5] In Aptiliasimov's second PCRA petition, he does not cite this affidavit or list Adam as a requested witness for an evidentiary hearing. (See Doc. 10-3). Aptiliasimov mentions the affidavit in his February 2020 request to the Superior Court for "reconsideration," (see Doc. 10-7 at 2), but it does not appear that the issue was ever presented to the PCRA court or the Superior Court in an appropriate or timely manner.

"Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing [of innocence]." McQuiggin, 569 U.S. at 399; see Schlup, 513 U.S. at 332 (explaining that a court "may consider how the timing of the submission" bears on the reliability of evidence); Howell, 978 F.3d at 60 (citing Reeves v. Fayette SCI, 897 F.3d 154, 161 (3d Cir. 2018)). Aptiliasimov has provided no explanation for why he waited more than *five years* after his sentencing to present this affidavit to any court. Cf. Howell, 978 F.3d at 60 (emphasizing that petitioner presented affidavits supporting actual innocence claim "to state courts in PCRA petitions shortly after obtaining them"). Aptiliasimov has likewise failed to provide "any supporting corroboration" for the statements in the affidavit. See id. (citing Reeves, 897 F.3d at 161). The reliability of the evidence is further undercut by the fact that Aptiliasimov pled guilty almost two years after becoming aware of the affidavit. We thus find that Aptiliasimov has not made the requisite showing of reliability of the new evidence demanded by McQuiggin and Schlup, so his assertion of actual innocence cannot excuse the AEDPA's statute of limitations.

**III.   Conclusion**

For the foregoing reasons, Aptiliasimov's untimely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 will be dismissed.  We likewise decline to issue a certificate of appealability, as he has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether our procedural ruling is correct, Slack v. McDaniel, 529 U.S. 473, 484 (2000).   An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    April 29, 2022